UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Matt Fairbanks, Mike McCauley and Jason Damman, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>    Plaintiffs,<br><br>vs.<br><br>Green Light Architectural Sheet Metal, Inc.,<br><br>    Defendant. | Civil File No. _____<br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.   The Plaintiffs are James Bigham, John Quarnstrom, Robert Vranicar, Matt Fairbanks, Mike McCauley and Jason Damman, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.   As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

1

3.      The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4.      Defendant Green Light Architectural Sheet Metal, Inc. ("Green Light Architectural") is a Minnesota business corporation with the registered address of 350 Stevens Street West, St Paul, Minnesota 55107.  Green Light Architectural is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5.      This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.      The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. On April 1, 2014, Green Light Architectural became bound to a series of collective bargaining agreements negotiated between the International Association of Sheet Metal, Air, Rail, and Transportation Workers Local No. 10 and the Architectural Subdivision of the Twin Cities Division SMARCA, Inc. ("CBAs").

9. In addition, in January 2016, Green Light Architectural became a member of the Sheet Metal, Air Conditioning, & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA"). As a member of SMARCA, Green Light Architectural is automatically bound to the CBAs.

10. Green Light Architectural is bound to the CBAs through at least April 30, 2019.

11. The CBAs require Green Light Architectural to submit contributions to pension, health and welfare, industry, and training funds in the amount per hour specified in the CBAs for each hour worked by its employees covered by the CBAs.

12. The CBAs provide that all required contributions shall be paid in accordance with the applicable Trust Agreement for each benefit fund and that Green Light Architectural agrees to conform in all respects with these Trust Agreements as well as any administrative rules promulgated by the Trustees of the benefit funds.

13. The CBAs require Green Light Architectural to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Green Light Architectural's monthly payment.

14. The CBAs and the Trust Agreements require Green Light Architectural to submit its monthly reports and payment to the Control Board by the tenth day of the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

15. The CBAs further provide that failure to make the required benefit payments in full, when and as due, constitutes a breach of contract on the part of such employer.

16. The CBAs and Trust Agreements require Green Light Architectural to make available any and all records of the covered employees that may require in connection with the sound and efficient operation of the benefit funds.

17. The CBAs and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

18. The CBAs and Trust Agreements states that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code and that the interest charges will accrue on both the delinquent contributions and the liquidated damages assessments from their due dates.

19. The CBAs and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreements state that the reasonable costs incurred by the Control Board in collecting or attempting to collect delinquent contributions shall also be paid by the delinquent employer.

20. The CBAs prohibit Green Light Architectural from subcontracting any work covered by the CBAs unless the subcontracted employer is signatory to the CBAs or a related CBA.

21. 29 U.S.C. § 1059 requires employers such as Green Light Architectural to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

22. If Green Light Architectural fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Green Light Architectural is liable for all of the hours worked by that individual for whom Green Light Architectural is unable to produce satisfactory records verifying the type of work being performed by that individual.

## COUNT I
## Breach of Contract /Audit Amount Due Under ERISA and the LMRA

23. The Control Board re-alleges and incorporates by reference paragraphs 1-22 herein.

24. The Control Board requested that Green Light Architectural produce a complete set of its payroll and employment records as specified in the CBAs and Trust Agreements for the period of January 1, 2014 through June 30, 2017 ("Audit Period").

25. Green Light Architectural produced its payroll and employment records for the Audit Period and the Control Board's authorized agent determined that Green Light Architectural did not submit all the required contributions to the Control Board.

26. The Control Board's authorized agent determined that $37,431.14 is due and owing to the Control Board for delinquent contributions for the Audit Period.

27. Green Light Architectural breached the terms of the CBAs and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

28. Green Light Architectural is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked for which Green Light Architectural is unable to produce satisfactory records verifying the type of work performed.

29. Pursuant to the CBAs and Trust Agreements, Green Light Architectural is liable to the Control Board for the reasonable costs and attorneys' fees incurred in collecting the amount due from Green Light Architectural.

30. Green Light Architectural is liable to the Control Board for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the CBAs and Trust Agreements.

## COUNT II
## ERISA Damages

31. The Control Board re-alleges and incorporates by reference paragraphs 1-30 herein.

32. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

33.     The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.     The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant Green Light Architectural Sheet Metal, Inc. as follows:

1.     For judgment in the amount of $37,431.14 for delinquent contributions for the Audit Period.

2.     For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3.     For an award of costs, disbursements and attorneys' fees according to law.

4.     Such other and future relief as the Court deems just, equitable or proper.

Date: October 26, 2018                    MCGRANN SHEA CARNIVAL
                                                         STRAUGHN & LAMB, CHARTERED


                                                         By  s/ Amy L. Court
                                                             Carl S. Wosmek #300731
                                                             Amy L. Court #319004
                                                             Christy E. Lawrie # 388832
                                                         800 Nicollet Mall, Suite 2600
                                                         Minneapolis, MN 55402
                                                         Telephone: (612) 338-2525
                                                         csw@mcgrannshea.com
                                                         alc@mcgrannshea.com
                                                         cel@mcgrannshea.com

                                                         *Attorney for Plaintiffs*

1103145.DOCX